IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN DAVIS, | 1:06-CV-00638 AWI SMS P |
|     Plaintiff, | ORDER TRANSFERRING CASE |
|     vs. | |
| FREDERICK OHLRICH, et al., | |
|     Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. pauperis pursuant to 28 U.S.C. § 1915. The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, none of the defendants reside in this district. The claim arose in Los Angeles County, which is in the Central District of California. Therefore, plaintiff's claim should have been filed in the United States District Court for the Central District of California. In the interest of

///

1  justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See
2  28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).
3       Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
4  District Court for the Central District of California.

6  IT IS SO ORDERED.

7  **Dated:**    **June 6, 2006**                /s/ **Sandra M. Snyder**
   i0d3h8                                    UNITED STATES MAGISTRATE JUDGE